Leonard M. Shulman - Bar No. 126349
Rika M. Kido - Bar No. 273780
Lauren Raya - Bar No. 322697
**SHULMAN HODGES & BASTIAN LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone:      (949) 340-3400
Facsimile:      (949) 340-3000
Email:          LShulman@shbllp.com
                RKido@shbllp.com
                LRaya@shbllp.com

Attorneys for Lynda T. Bui, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re | Case No. 6:19-bk-11189-MH |
| **MITCHELL C. NELSON,** | Chapter 7 |
| Debtor. | Adv No. |
| **LYNDA T. BUI, solely in her capacity as the Chapter 7 trustee for the bankruptcy estate of Mitchell C. Nelson,** | **COMPLAINT FOR:** |
| Plaintiff, | **(1) BREACH OF CONTRACT;** |
| vs. | **(2) BREACH OF ORAL CONTRACT;** |
| **LEONARD E. WARD, an individual,** | **(3) ACCOUNT STATED;** |
| Defendant. | **(4) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;** |
| | **(5) UNJUST ENRICHMENT [11 U.S.C. § 105];** |
| | **(6) TURNOVER OF PROPERTY OF THE ESTATE [11 U.S.C. § 542]; AND** |
| | **(7) DISALLOWANCE OF CLAIMS [11 U.S.C. § 502(d)]** |

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

1

Lynda T. Bui, solely in her capacity as the duly appointed, qualified and acting Chapter 7 Trustee ("Trustee" or "Plaintiff") for the bankruptcy estate ("Estate") of Mitchell C. Nelson ("Debtor") respectfully complains and alleges as follows:

## STATE OF JURISDICTION AND VENUE

1.    This adversary proceeding is filed pursuant to Federal Rule of Bankruptcy Procedure 7001(1)- a proceeding to recover money or property.  Plaintiff, as the Chapter 7 Trustee of the Estate has standing to bring this action pursuant to 11 U.S.C. §§ 323, 502, 544, and 550.

2.    The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 in that this action arises in and relates to the bankruptcy case pending in the United States Bankruptcy Court for the Central District of California, Riverside Division entitled *In re Mitchell C. Nelson*, Case No. 6:19-bk-11189-MH on the docket of the Court.

3.    This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)- matters concerning the administration of the estate, and (b)(2)(O)- other proceedings affecting the liquidation of the assets of the estate.  To the extent any related claims are determined not to be a core proceeding, the Plaintiff consents to an entry of final judgment and orders by the Bankruptcy Court.

4.    Venue is proper in this District pursuant to 28 U.S.C. § 1409, as this adversary proceeding arises under Title 11 or arises under or relates to a case under Title 11 which is pending in this District and does not involve a consumer debt less than $20,450.00.

5.    To the extent that Plaintiff asserts claims under 11 U.S.C. § 544, the Plaintiff is informed and believes and based thereon alleges that there exists in this case one or more creditors holding unsecured claims under 11 U.S.C. § 502 or are not allowable under 11 U.S.C. § 502(e), who can avoid the respective transfers are set forth hereafter under California or other applicable law.

## PARTIES

6.    Plaintiff is the duly appointed, qualifying and acting Chapter 7 trustee for the Estate and brings the claims asserted herein in that capacity.

7.    Plaintiff is informed and believes and, on that basis, alleges that defendant Leonard E. Ward ("Defendant") was and is now an individual residing in Lake Elsinore, California.

## GENERAL ALLEGATIONS

8.      On or about May 26, 2016, Debtor sold his commercial property where he operated his manufacturing business.  During the closing process, Debtor met Defendant as he helped Debtor close up the business and clean out the commercial property.  Defendant is a scrap dealer and was assisting the Debtor in removing various scrap metal.

9.      During this time, in or around May 2016, Defendant asked Debtor for a small business loan to grow his clean up and scrap metal hauling business.  Defendant represented that he had the ability to repay the loan with anticipated recovery of damages from a pending civil suit pertaining to wrongful incarceration.

10.     On or about October 3, 2016, Debtor and Defendant executed a promissory note ("Note") to document the business loan.  A true and correct copy of the Note is attached hereto as Exhibit "1."  The Note provided for the principal amount of $65,000.00 and $10,000.00 in interest for a total amount of $75,000.00 to be paid by December 1, 2016.

11.     Defendant did not make any payments on the Note and continued to borrow additional monies from Debtor throughout 2017 and 2018.  Defendant continued to assure Debtor that he would be able to pay Debtor back as soon as his civil suit was resolved.

12.     Trustee is informed and believes every check issued by Debtor to Defendant included a note in the memo line referencing the payment as a loan.

13.     From May 2016 to September 2018, Debtor had loaned Defendant upwards of $2,700,000.00 with no repayments being made by the Defendant.

14.     On or about October 25, 2018, Debtor made a written demand ("Demand") on Defendant for the immediate payment of the full amount owed of $2,707,000.00 to be repaid by November 8, 2018.  As of the date of this filing, no amounts have been repaid.  A true and correct copy of the Demand is attached hereto as Exhibit "2."

15.     Plaintiff is informed and believes, and on that basis, alleges Defendant acknowledged the full amount owed of $2,707,000.00 and that he has the obligation to repay the full amount.

///

## FIRST CAUSE OF ACTION

### (Breach of Contract)

16.     Plaintiff hereby repeats, repleads, and incorporates herein by reference as though fully set forth herein at this point each and every allegation contained in Paragraphs 1 through 15 above.

17.     On or about October 3, 2016, Debtor and Defendant entered into a written contract whereby Debtor agreed to loan Defendant $65,000.00 for Defendant's business expansion.  The Note was executed to document the loan which provided for a total repayment of $75,000.00, including interest.

18.     On or about December 1, 2016 the Note became due and payable.  Defendant has failed to repay any monies to the Debtor and therefore has breached his agreement to pay under the Note.

19.     Debtor has performed all conditions and covenants required of him under the terms of the Note.

20.     Plaintiff has and will incur attorneys' fees in connection with this matter, in an amount to be determined at trial, which fees Plaintiff is entitled to recover from Defendant pursuant to Civil Code section 1717.5.

21.     As a direct and proximate result of Defendant's acts as alleged herein, Debtor has suffered damages of at least $75,000.00 on account of the Note, according to proof at the time of trial.

## SECOND CAUSE OF ACTION

### (Breach of Oral Contract)

22.     Plaintiff hereby repeats, repleads, and incorporates herein by reference as though fully set forth herein at this point each and every allegation contained in Paragraphs 1 through 15 above.

23.     In or about January 2017, Defendant entered into an oral contract with Debtor whereby Debtor agreed to continue to loan money for Defendant's business expansion.  Defendant continued to promise repayment of the loan as soon as his civil suit was resolved.

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

24.    Plaintiff is informed and believes, and on that basis alleges, Defendant has acknowledged that he has repeatedly breached the oral contract and that the amount of $2,632,000.00 is now due and owing.

25.    Debtor performed all conditions and covenants required of him under the terms of the oral contract.

26.    Defendant breached the oral contract by failing to repay the amount of $2,632,000.00.

27.    As a direct and proximate result of Defendant's actions as alleged herein, Debtor has suffered damages of at least $2,632,000.00 on account of the oral contract, according to proof at time of trial.

28.    Wherefore, Debtor prays for judgment as hereinafter stated.

### THIRD CAUSE OF ACTION

**(Account Stated)**

29.    Plaintiff hereby repeats, repleads, and incorporates herein by reference as though fully set forth herein at this point each and every allegation contained in Paragraphs 1 through 15 above.

30.    On or about October 25, 2018, accounts were stated in writing between Debtor and Defendant, with a balance totaling $2,707,000.00 found to be due from Defendant to Debtor. Defendant agreed to pay such balance.

31.    Defendant has failed to pay any of the agreed balance despite Debtor's demands for payment and the amount of $2,707,000.00 is still due and owing.

32.    Plaintiff has and will incur attorneys' fees in connection with this matter, in an amount to be determined at trial, which fees is entitled to recover from Defendant pursuant to Civil Code section 1717.5.

///

///

///

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

## FOURTH CAUSE OF ACTION

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

33.     Plaintiff hereby repeats, repleads, and incorporates herein by reference as though fully set forth herein at this point each and every allegation contained in Paragraphs 1 through 28 above.

34.     There was implied in all of the oral and written agreements between Debtor and Defendant a covenant of good faith and fair dealing whereby Defendant impliedly covenanted that he would in good faith and in the exercise of fair dealing, deal with Debtor fairly and honestly and do nothing to impair, interfere with, hinder, or potentially injure its rights.

35.     As alleged herein, Defendant breached the covenant of good faith and fair dealing by his acts to evade the spirit of the bargain between Defendant and Debtor.

36.     Debtor performed each and every covenant and condition of its agreement with Defendant.

37.     As a proximate result of the acts of Defendant as alleged herein, Plaintiff has sustained damages in an amount according to proof at trial.

## FIFTH CAUSE OF ACTION

### (Unjust Enrichment [11 U.S.C. § 105])

38.     Plaintiff hereby repeats, repleads, and incorporates herein by reference as though fully set forth herein at this point each and every allegation contained in Paragraphs 1 through 37 above.

39.     The Defendant has received the benefit of $2,707,000.00 by possession and use thereof.

40.     In giving money to Defendant, Debtor was clear that the money was a business loan and expected the money to be repaid.  Defendant has accepted the benefits of receiving the money from Debtor but has not made any repayments on the loan.

///

///

///

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

41.     The Defendant has been unjustly enriched therefore and it would be inequitable for the Defendant to be allowed to retain the benefits of the loan without being ordered to repay to the Plaintiff the sum of $2,707,000.00, together with interest at the legal rate, late charges and attorneys' fees according to proof.

**SIXTH CAUSE OF ACTION**

**(Turnover of Property of the Estate [11 U.S.C. § 542])**

42.     Plaintiff hereby repeats, repleads, and incorporates herein by reference as though fully set forth herein at this point each and every allegation contained in Paragraphs 1 through 15 above.

43.     Defendant is wrongly in possession, custody and control of $2,707,000.00 which is property of the Estate and Defendant does not have Plaintiff's consent to be in possession of these funds.

44.     Plaintiff is entitled to use the $2,707,000.00 for the benefit of the Estate under 11 U.S.C. § 363.

45.     Defendant shall deliver to the Plaintiff the full amount of $2,707,000.00 and account for the full amount.

**SEVENTH CAUSE OF ACTION**

**(Disallowance of Claims by Defendant [11 U.S.C. § 502(d)])**

46.     Plaintiff hereby repeats, repleads, and incorporates herein by reference as though fully set forth herein at this point each and every allegation contained in Paragraphs 1 through 15 above.

47.     The Defendant has not paid the amount or turned over any such property for which the Defendant is liable under 11 U.S.C. §§ 502(i), 542, 543, 544, 550 or 553.

48.     Pursuant to 11 U.S.C. § 502(d), to the extent the Defendant files a claim against the Estate, such claims should be disallowed.

///

///

///

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

**WHEREFORE**, Plaintiff prays for a judgment against Defendant as follows:

**ON THE FIRST CAUSE OF ACTION:**

1.      For general damages in the sum of at least $75,000.00, according to proof at the time of trial; and

2.      For attorneys' fees and costs pursuant to Civil Code section 1717.5.

**ON THE SECOND CAUSE OF ACTION:**

3.      For general damages in the sum of at least $2,632,000.00, according to proof at the time of trial.

**ON THE THIRD CAUSE OF ACTION:**

4.      For general damages in the sum of at least $2,707,000.00; and

5.      For attorneys' fees and costs pursuant to Civil Code section 1717.5.

**ON THE SIXTH CAUSE OF ACTION:**

6.      Declaring that the $2,707,000.00 is property of the Estate; and

7.      Declaring that the Plaintiff is entitled to sole possession, custody and control of the $2,707,000.00.

**ON THE SEVENTH CAUSE OF ACTION:**

8.      That, if Defendant fails or refuses to turnover the recoverable property under 11 U.S.C. § 550, any claim of Defendant shall be disallowed pursuant to 11 U.S.C. § 502(d).

**ON ALL CAUSES OF ACTION:**

9.      For prejudgment interest at the highest legal rate;

10.     For post-judgment interest at the highest legal rate;

11.     For attorneys' fees and costs of suit;

12.     For such other and further relief as the Court may deem just and proper.

**SHULMAN HODGES & BASTIAN LLP**

DATED:  August 6, 2019          By:  _____/s/ Lauren Raya_____
                                      Leonard M. Shulman
                                      Rika M. Kido
                                      Lauren Raya
                                      Attorneys for Lynda T. Bui, Chapter 7 Trustee

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

# EXHIBIT 1

# PROMISORY NOTE

I Leonard Ward, acknowledge a loan received from Mitch Nelson in the amount of $65,000.00.

In consideration of said loan I agree to repay Mitch Nelson the principle amount as well as $10,000.00 interest for a total due of $75,000.00.

The total amount shall be paid by December 1, 2016.

Leonard Ward
10/3/2016

EXHIBIT 1

# EXHIBIT 2

10/25/2018

Leonard E Ward
108 N. Lowell Street
Lake Elsinore, CA 92563

Dear Mr. Ward

**Re: Letter of Demand – Outstanding Loan**

I am writing in reference to the loan(s) that I have forwarded to you over the past two plus years.  As you know, I have still not received any payment from you in regard to those loans.

Beginning in May of 2016, you approached me with the purpose of borrowing money so that you could grow your business which performed clean up and scrap metal hauling.  You described to me what you called the many wrongs you were subjected to and that were committed by the legal and judicial system.

You showed me that you had a pending civil suit pertaining to your over incarceration and wrongful incarceration.  You assured me you would be able to pay me back the money that summer with interest, and that this civil suit guaranteed your ability to repay the loan.  Over time the loan amount loaned grew as more money was requested by you and supplied by me. By October 3, 2016, the amount of the loan had grown so much that we agreed to document the loan as a Promissory Note for the amount of $75,000.00 and agreed, you would pay me back on or before December 1,2016. You signed the promissory note and a copy is attached.

Subsequently instead of paying back the debt that was owed, you instead requested and were loaned by me, additional funds in 2017 and 2018.  You agreed that these individual loans were in principle covered by and included in the scope of the original promissory note.

Unfortunately, the civil suit was a sham and eventually that case was dismissed due to significant procedural errors in regard to your filings.  To date, contrary to your assurances, it appears that the chances of anyone successfully prosecuting your "case" appears to be minimal.

Attached is a list of checks by number with their respective issue dates and amounts.  Each check is written to Leonard Ward and marked on the face as a loan.  Each check was negotiated by yourself with a financial institution and you took possession of the money. Images of each check are on file electronically with my own bank showing the check face indicating it is a loan, your signature endorsement and the financial institutions processing stamp.

During 2018, you began requesting I loan you cash instead of checks and attached is a list of dates and amounts of each cash loan.  With the delivery of $300,000.00 on August 29 you again assured me you would repay the loan within 2 weeks. Instead on September 4, 2018 you requested another $300,000.00 which I was unable to provide you.

The attached documents show the total amount loaned to you is $2,707,000.00.

EXHIBIT 2

Since September 7, 2018, you have refused to answer either your cell or home phone the multiple times I have called.

I demand full payment of the outstanding amount within two weeks of the date of this letter.

If this matter is not resolved by the time specified above, I reserve the right to commence legal proceedings to recover the debt without further notice to you and this letter may be tendered in court as evidence of your failure to pay.  Legal action may result in you having to pay legal costs.

Should you wish to contact me to discuss, my telephone number is 951-852-5289.


Yours sincerely,


Mitchell Nelson

**EXHIBIT 2**

# PROMISORY NOTE

I Leonard Ward, acknowledge a loan received from Mitch Nelson in the amount of $65,000.00.

In consideration of said loan I agree to repay Mitch Nelson the principle amount as well as $10,000.00 interest for a total due of $75,000.00.

The total amount shall be paid by December 1, 2016.

Leonard Ward
10/3/2016

EXHIBIT 2

## CHECKS TO LEONARD WARD FOR LOAN

| | | |
|---|---|---:|
| 2-Sep-16 | check 1266 | $ 1,000.00 |
| 12-Sep-16 | check 1267 | $ 1,000.00 |
| 12-Sep-16 | check 5515 | $ 7,000.00 |
| 2-Oct-16 | check 5516 | $ 3,000.00 |
| 6-Oct-16 | check 5517 | $ 5,000.00 |
| 6-Oct-16 | check 5518 | $ 4,000.00 |
| 6-Oct-16 | check 5519 | $ 1,000.00 |
| 11-Oct-16 | check 1268 | $ 1,000.00 |
| 14-Oct-16 | check 5521 | $ 24,000.00 |
| 24-Oct-16 | check 5522 | $ 25,000.00 |
| 26-Oct-16 | check 5523 | $ 30,000.00 |
| 27-Oct-16 | check 5524 | $ 30,000.00 |
| 10-Nov-16 | check 5525 | $ 100,000.00 |
| 16-Nov-16 | check 5533 | $ 100,000.00 |
| 6-Dec-16 | check 5534 | $ 100,000.00 |
| 8-Dec-16 | check 5536 | $ 30,000.00 |
| 13-Dec-16 | check 5538 | $ 100,000.00 |
| 23-Dec-17 | check 5539 | $ 150,000.00 |
| 7-Jan-17 | check 5541 | $ 200,000.00 |
| 1-Feb-17 | check 5542 | $ 80,000.00 |
| 2-Feb-17 | check 5543 | $ 30,000.00 |
| 27-Feb-17 | check 5544 | $ 100,000.00 |
| 27-Mar-17 | check 5545 | $ 100,000.00 |
| 19-Apr-17 | check 5546 | $ 100,000.00 |
| 20-Jul-17 | check 5547 | $ 65,000.00 |
| 1-Oct-17 | check 5548 | $ 100,000.00 |
| 25-Oct | check 5550 | $ 15,000.00 |
| 26-Oct | check 5576 | $ 100,000.00 |
| 16-Nov | check 5577 | $ 50,000.00 |
| 24-Mar-18 | check 5651 | $ 7,000.00 |
| 23-Apr-18 | check 5655 | $ 40,000.00 |
| 4/25/2018 | check 5656 | $ 5,000.00 |
| 5/7/2018 | check 5657 | $ 40,000.00 |
| **TOTAL CHECKS** | | **$ 1,744,000.00** |

EXHIBIT 2

## CASH WITHDRAWALS FOR LEONARD WARD

| | | |
|---|---|---|
| 5-Jan-18 cash | $ | 500.00 |
| 15-Jan-18 cash | $ | 500.00 |
| 15-Jan-18 cash | $ | 500.00 |
| 11-Feb-18 cash | $ | 500.00 |
| 11-Feb-18 cash | $ | 500.00 |
| 9-Apr-18 cash | $ | 500.00 |
| 9-Apr-18 cash | $ | 200.00 |
| 10-Apr-18 cash | $ | 500.00 |
| 18-Apr-18 cash | $ | 500.00 |
| 8-Apr-18 cash | $ | 500.00 |
| 22-Apr-18 cash | $ | 500.00 |
| 3-May-18 cash | $ | 500.00 |
| 3-May-18 cash | $ | 500.00 |
| 5-May-18 cash | $ | 500.00 |
| 5-May-18 cash | $ | 500.00 |
| 3-May-18 cash | $ | 500.00 |
| 3-May-18 cash | $ | 500.00 |
| 7-May-18 cash | $ | 1,500.00 |
| 7-May-18 cash | $ | 3,500.00 |
| 15-May-18 cash | $ | 500.00 |
| 15-May-18 cash | $ | 1,000.00 |
| 16-May-18 cash | $ | 25,000.00 |
| 16-May-18 cash | $ | 20,000.00 |
| 23-May-18 cash | $ | 1,000.00 |
| 23-May-18 cash | $ | 80,000.00 |
| 18-May-18 bond/cash | $ | 15,000.00 |
| 29-May-18 cash | $ | 1,500.00 |
| 2-Jun-18 cash | $ | 500.00 |
| 2-Jun-18 cash | $ | 500.00 |
| 4-Jun-18 cash | $ | 500.00 |
| 7-Jun-18 cash | $ | 1,000.00 |
| 7-Jun-18 cash | $ | 20,000.00 |
| 11-Jun-18 cash | $ | 1,500.00 |
| 12-Jun-18 cash | $ | 5,000.00 |
| 27-Jun-18 cash | $ | 1,000.00 |

EXHIBIT 2

| Date | | Amount |
|---|---|---|
| 4-Jul-18 cash | $ | 500.00 |
| 4-Jul-18 cash | $ | 500.00 |
| 6-Jul-18 cash | $ | 14,500.00 |
| 6-Jul-18 cash | $ | 1,500.00 |
| 7-Jul-18 cash | $ | 1,000.00 |
| 7-Jul-18 cash | $ | 4,500.00 |
| 8-Jul-18 cash | $ | 500.00 |
| 10-Jul-18 cash | $ | 20,000.00 |
| 20-Jul-18 cash | $ | 1,000.00 |
| 21-Jul-18 cash | $ | 1,000.00 |
| 22-Jul-18 cash | $ | 1,000.00 |
| 23-Jul-18 cash | $ | 50,000.00 |
| 24-Jul-18 cash | $ | 500.00 |
| 26-Jul-18 cash | $ | 16,000.00 |
| 26-Jul-18 cash | $ | 1,000.00 |
| 2-Aug cash | $ | 150,000.00 |
| 4-Aug-18 cash | $ | 10,000.00 |
| 10-Aug-18 cash | $ | 200,000.00 |
| 9-Aug-18 cash | $ | 500.00 |
| 10-Aug-18 cash | $ | 500.00 |
| 11-Aug-18 cash | $ | 1,500.00 |
| 22-Aug-18 cash | $ | 500.00 |
| 29-Aug-18 cash | $ | 300,000.00 |
| **TOTAL CASH** | $ | 963,700.00 |

EXHIBIT 2

3/31/2017                    INTEREST CHECKING 0008 — Check #005525

Mitchell Nelson
Linda E Nelson
39651 Bayonne Place
Murrieta, CA 92562

5525

90-8188/3222

_11-8-CE_

Date

Pay to the
Order of  _Leonard Ward_                              $ 100,000.00

_One Hundred Thousand and 00/100_                     Dollars

ORANGE COUNTY'S
CREDIT UNION
with you all the way         www.orangecountyscu.org
(888) 354-6228

For  _LOAN_

⑈3222818⑈⑈:001002510 27⑈⑈   5525

NAVY FCU 256074974 0001 0351 11/14/2016 6:49 4

S A M P L E

EXHIBIT 2

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

LEONARD WARD
108 N Lowell ST
LAKE ELSINORE CA
92530

9590 9402 1901 6104 7223 93

2. Article Number (Transfer from service label)

7018 1130 0000 7054 5512

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
10-29-18

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

EXHIBIT 2

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>LYNDA T. BUI, solely in her capacity as Chapter 7 Trustee for the bankruptcy estate of Mitchell C. Nelson | **DEFENDANTS**<br>LEONARD E. WARD, an individual |
|---|---|

| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Leonard M. Shulman - Bar No. 126349<br>Rika M. Kido - Bar No. 273780<br>Lauren Raya - Bar No. 322697<br>SHULMAN HODGES & BASTIAN LLP<br>100 Spectrum Center Drive, Suite 600, Irvine, California 92618<br>Telephone: (949) 340-3400 | **ATTORNEYS** (If Known) |
|---|---|

| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee<br>☐ Creditor   ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee<br>☐ Creditor   ☒ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT FOR: (1) BREACH OF CONTRACT; (2) BREACH OF ORAL CONTRACT; (3) ACCOUNT STATED; (4) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; (5) UNJUST ENRICHMENT [11 U.S.C. § 105]; (6) TURNOVER OF PROPERTY OF THE ESTATE [11 U.S.C. § 542]; AND (7) DISALLOWANCE OF CLAIMS [11 U.S.C. § 502(d)]

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
[2] 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
[1] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation

☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Determination (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Mitchell C. Nelson | BANKRUPTCY CASE NO.<br>6:19-bk-11189-MH | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL DISTRICT | DIVISION OFFICE<br>RIVERSIDE DIVISION | NAME OF JUDGE<br>HONORABLE MARK D. HOULE |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Lauren Raya | | |
| DATE<br><br>August 6, 2019 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Lauren Raya | |

**INSTRUCTIONS**

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form B1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.